IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAE NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3012-SMY |
| | ) |
| WAL-MART, and SEDGWICK COMPANY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mae Nelson filed this employment discrimination lawsuit, *pro se*, seeking relief against Defendants Wal Mart and Sedgwick Company for allegedly discriminating against her on the basis of disability. The Court now considers Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 4) and Motion to Appoint Counsel (Doc. 5). For the following reasons, the motion to proceed IFP is **GRANTED**, and the motion to appoint counsel is **DENIED**.

## Motion for Leave to Proceed *in forma pauperis*

Under 28 U.S.C. § 1915, an indigent party may commence a federal lawsuit without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has sufficiently established her indigence and inability to pay the costs of commencing her lawsuit. Her monthly income is approximately $934 and her monthly expenses are approximately the same amount. (Doc. 4, pp. 2-3). However, the Court's inquiry does not end there; § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss the case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). In reviewing complaints, courts construe *pro se* claims generously and accept the factual allegations as true, liberally construing them in the plaintiff's favor. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). However, conclusory statements and labels are not enough; the complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). In other words, the complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 3): Wal Mart employed Plaintiff at store # 302 from March 4, 2017 to February 25, 2022. In 2018, Plaintiff tore her right rotator cuff while working at the store. She spoke with a store manager about a reassignment to less labor-intensive positions like cashier or greeter, but the manager refused. When Plaintiff continued working, she overcompensated for her right shoulder by using her left shoulder, resulting in a left rotator cuff injury as well.

Sometime in 2019, Plaintiff filed a worker's compensation claim for her shoulder injuries. Sedgwick managed Wal Mart's claims as their "attendant," including Plaintiff's claim. In 2019 and 2020, Plaintiff took separate leaves of absence to repair her right and left rotator cuffs. Sedgwick approved Plaintiff to return in 2021 with accommodations, but Wal Mart refused. As a result, Sedgwick continued extending Plaintiff's leaves of absence. From June 2021 to September

2021, Wal Mart allowed several white women to return to the store after medical leaves of absence with restrictions or reassignments, but not Plaintiff. As a black woman, Plaintiff was ignored in comparison to other employees.[1] Wal Mart failed to reassign Plaintiff to a new position, give her accommodations, or put her back on schedule. Plaintiff resigned in February 2022 because she was not being accommodated for her medical issues.

Plaintiff asserts that Wal Mart and Sedgwick violated her rights under the Americans with Disabilities Act and that Wal Mart discriminated against her on the basis of race in violation of Title VII and retaliated against her for being injured on the job.

## Discussion

Plaintiffs have ninety days to file a civil action after notification that the Equal Employment Opportunity Commission ("EEOC") has dismissed a charge of discrimination. 42 U.S.C. § 2000e-5(f)(1). The ninety days are measured from the date Plaintiff received the notice. *De Tata v. Rollprint Packaging Products Inc.,* 632 F.3d 962, 967-968 (7th Cir. 2011). Plaintiff attaches two "Dismissal and Notice of Rights" letters from the EEOC (purportedly for Wal Mart and Sedgwick) dated August 4, 2023. Therefore, she timely filed the instant lawsuit on September 5, 2023.

### Americans with Disabilities Act (Wal Mart)

The Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. § 12101, prohibits employers from discriminating against a qualified individual with a disability because of the disability with respect to job application procedures, hiring, advancement, discharge, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). To state a discrimination claim under the ADA, a plaintiff "must allege that [she] is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without

---

[1] Plaintiff details communications with Sedgwick and Wal Mart in which she requested to come back with restrictions, but all were ignored.

reasonable accommodation and has suffered an adverse employment action because of [her] disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). Adverse employment actions "include a broad array of actions such as 'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or some other action causing a significant change in benefits.'" *McKenzie v. Milwaukee Cnty.*, 381 F.3d 619, 625 (7th Cir. 2004), *quoting Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). Plaintiff may also state a colorable ADA discrimination claim by pleading facts suggesting (1) the plaintiff falls into one or more statutorily protected categories; (2) she was meeting his employer's legitimate employment expectations; (3) she suffered one or more legally cognizable adverse employment actions; and (4) one or more similarly situated individuals outside her protected class received better treatment. *Brooks v. Avancez,* 39 F.4th 424, 434 (7th Cir. 2022).

    Here, Plaintiff alleges that she was disabled as a result of her two torn rotator cuffs and lifting limitations, was qualified to perform her job or be reassigned to another, and suffered an adverse employment action when Wal Mart did not allow her to return to work. She also alleges that she reached out numerous times to Wal Mart to try to discuss accommodations, but Wal Mart failed to engage in the required "interactive process" to determine if they could accommodate her. *Brown v. Milwaukee Bd. of Sch. Dirs.,* 855 F.3d 818, 821 (7th Cir. 2017). Moreover, Plaintiff has adequately pleaded an ADA discrimination claim by alleging she was not allowed to return to work or be reassigned to lighter duty while other injured employees were allowed to be reassigned or return to work. Therefore, Plaintiff's ADA claims against Wal Mart will proceed.

    Plaintiff alleges that Sedgwick acted as Wal Mart's agent by managing her claim and employment relationship with Wal Mart. Agency liability applies where a third-party exercises significant control over an aspect of the plaintiff's employment, where the agent significantly

affects access of any individual to employment opportunities, or where an employer delegates sufficient control of some traditional rights over employees to a third party. *Alam v. Miller Brewing Co.,* 709 F.3d 662, 668-669 (7th Cir. 2013); *Carparts Distribution Center, Inc. v. Automotive Wholesaler's Ass'n of New England, Inc.,* 37 F.3d 12, 17 (1st Cir. 1994). As such, Plaintiff states a viable ADA claim against Sedgwick as well.

### Retaliation

To state a retaliation claim, a plaintiff must sufficiently allege that she suffered an adverse employment action because of her statutorily protected activity. *Lord v. High Voltage Software, Inc.,* 839 F.3d 556, 563 (7th Cir. 2016). Here, Plaintiff's allegation that she was given worse work assignments or not allowed to work at all in retaliation for reporting her workplace injuries is sufficient to state a viable retaliation claim against Wal Mart.

### Title VII Racial Discrimination

Title VII prohibits an employer from discriminating against an employee based on her race. 42 U.S.C. § 2000e-2(a). Plaintiff alleges that she was treated differently on the basis of her race and not allowed to return to work while similarly situated white employees were treated more favorably. This meets the pleading standards for alleging a Title VII claim for racial discrimination. See, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002).

### Motion for Recruitment of Counsel (Doc. 5)

Plaintiff requests that this Court appoint her counsel (Doc. 5). Litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007). That said, under 28 U.S.C. § 1915(e)(1), the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court considers (1) whether the

indigent litigant has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the litigant's capacity as a layperson to coherently present it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt,* 503 F.3d at 655).

Plaintiff made reasonable attempts to secure counsel, as evidenced by a rejection letter attached to her motion (Doc. 5, p. 7). However, given that Plaintiff represented herself before the EEOC and filed a Complaint that survived screening, the Court does not find that the case exceeds her capacity to prosecute it at this juncture. The motion will be denied at this time.

## Conclusion

Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**. Pursuant to Fed. R. Civ. P. 4(c)(3), The Clerk of Court is **DIRECTED** to prepare and issue, for each named defendant, Form AO 440, Summons in a Civil Action, to Plaintiff and enclose blank USM-285 forms for each named defendant. If Plaintiff wishes the United States Marshals Service to serve process in this case, she shall provide to the United States Marshals Service the summons issued, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.

Upon receipt of the aforementioned documents from Plaintiff, and pursuant to Federal Rule of Civil Procedure 4(c)(3), the United States Marshal Service is **DIRECTED** to serve a copy of the Summons, Complaint and this Order upon the defendants in any manner consistent with Federal Rule of Civil Procedure 4, as directed by Plaintiff. Costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED:  October 4, 2023**

**STACI M. YANDLE**
**United States District Judge**